

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00359-CV

———————————————

CORNELIUS JOE ERGONIS AND LINDA ERGONIS, Appellants

V.

PAUL WOOD INSPECTION GROUP, INC., CALEB WOOD, AND JAMES ALAN
PETERSON, Appellees

---

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 19-5640-362

---

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellants Cornelius Joe Ergonis and Linda Ann Ergonis sued William Thomas Sultzbaugh; Sharon Elliott Sultzbaugh a/k/a Sharon Carr; Lighthouse Engineering, LLC; Michael Gandy, P.E.; Ebby Halliday Real Estate, Inc.; Kathy Gibson; Paul Wood Inspection Group, Inc.; Caleb Wood; and James Alan Peterson. Appellants filed a notice of appeal from the trial court's "Final Judgment as to Defendants Paul Wood Inspection Group, Inc., Caleb Wood, and James [Alan] Peterson." The judgment states that it is "[f]inal and disposes of all claims . . . against Defendants Paul Wood Inspection Group, Inc., Caleb Wood[,] and James [Alan] Peterson." The judgment does not, however, address claims against any other defendant or include language indicating that it is a final judgment. *See In re Elizondo*, 544 S.W.3d 824, 826 (Tex. 2018) (orig. proceeding).

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a). A final judgment is one that actually disposes of every pending claim and party or that "clearly and unequivocally states that it finally disposes of all claims and all parties." *See Lehmann*, 39 S.W.3d at 205. Unless a statutory exception applies, an order that does not dispose of all pending parties and claims remains interlocutory and unappealable until the trial court signs a final judgment. *See id.*

The trial court's judgment includes finality language as to some defendants: "this [j]udgment is [f]inal and disposes of all claims . . . against Defendants Paul Wood Inspection Group, Inc., Caleb Wood[,] and James [Alan] Peterson." While it addresses the claims against these three defendants, it does not address the claims against the remaining defendants, nor does it recite that it disposes of all remaining parties and claims. *See Shetewy v. Mediation Inst. of N. Tex., LLC*, 624 S.W.3d 285, 288 (Tex. App.—Fort Worth 2021, no pet.) (noting that an order's title does not determine whether the order is a final judgment); *Wright v. Payne*, No. 02-19-00147-CV, 2019 WL 6003243, at *2 (Tex. App.—Fort Worth Nov. 14, 2019, no pet.) (mem. op.) (stating that using the words "final" or "appealable" in an order does not make it final without a clear indication that the trial court intended the order to dispose of the entire case).

After we received Appellants' notice of appeal, we notified Appellants that the trial court's judgment did not appear to be a final judgment or an appealable interlocutory order. We informed Appellants that unless we received a response showing grounds for continuing the appeal, it may be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Appellants filed a response requesting that we abate the appeal "to allow Appellants to promptly petition the trial court to affect such final appealable judgments or orders."

Noting that Appellants' notice of appeal is premature, we permitted the parties a reasonable time to correct the defect in the record. *See* Tex. R. App. P. 44.3, 44.4(a)(2). We notified the parties that they had twenty days to provide this court with

3

a signed copy of the order that Appellants seek to appeal. We warned Appellants that the failure to do so would result in the dismissal of this appeal. *See* Tex. R. App. P. 42.3(a), 43.2(f).

On the twentieth day, Appellants filed a letter requesting an extension of time to correct the defect in the record. We have not received a signed copy of the final order or judgment that Appellants seek to appeal.

Because the judgment from which Appellants attempt to appeal is neither a final judgment nor an appealable interlocutory order, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: October 31, 2024